[Cite as *State v. Berger*, 2021-Ohio-3011.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| TROY W. BERGER, | : | Case No. 20CA000022 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
                              Court of Common Pleas, Case No.
                              20 CR 05


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             August 30, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                           MICHAEL GROH
Assistant Guernsey County                 1938 E. Wheeling Avenue
Prosecuting Attorney                      Cambridge, Ohio 43725
627 Wheeling Avenue
Cambridge, Ohio 43725

*Baldwin, J.*

**{¶1}** Defendant-appellant Troy Berger appeals his conviction and sentence by the Guernsey County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 29, 2020, the Guernsey County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C. 2909.02, a felony of the first degree. At his arraignment on February 13, 2020, appellant entered a plea of not guilty to the charge. Subsequently, a jury trial commenced on September 1, 2020. The following testimony was adduced at trial.

**{¶3}** During the evening of December 17, 2019, there was a fire at 624 South 8th Street in Cambridge, Ohio. Ruth McKim resided at such address and Ray McKim, her father, and Savannah Jeffrey, the mother of appellant's children, were staying at the residence at such time. Michael Stellfox, an investigator with the Ohio State Fire Marshal's Fire and Explosion Investigation Bureau, testified that he investigated the fire the following day and determined that it was "an incendiary fire with a direct result of [a] human act,…" Trial Transcript at 236. He testified that by "human act", he meant that an actual person used "some way or means, whether it be an open flame device such as a lighter, or a match, or something that intentionally started the fire." Trial Transcript at 236. Based on his investigation, he believed that a lighter or match caused the fire and not an ignitable liquid. Agent Stellfox testified that the origin of the fire was a trash pile behind the residence.

**{¶4}** At the trial, Ray McKim testified that appellant was at the house the evening of December 17, 2019. When asked what happened that evening, he testified that

appellant set the house on fire. Ray McKim testified that appellant, earlier that day, "was up there and he told my -- told me to tell my daughter she was going to regret this day, and next thing we knew we smelled smoke and smoke as coming out of the ceiling." Trial Transcript at 299.    Ray McKim testified that he was in the house when the fire started. He further testified that appellant had told him that appellant was going to call the police to report that there were syringes in the house.

{¶5}    The next witness to testify was Ruth McKim who owned the house. She testified that she told the police that she thought that appellant had started the fire because appellant "was the only one there circling my house looking through my windows." Trial Transcript at 313. Ruth McKim testified that Savannah Jeffrey was at McKim's house and that Jeffrey and appellant had been arguing. Appellant had been trying to get Jeffrey to leave McKim's house, but Jeffrey did not want to leave. Ruth McKim testified that she had called 911 earlier on the day of the fire because appellant would not leave her house when told to do so. Although no one came to remove appellant, appellant finally left.    Ruth McKim identified appellant walking around her house in a video taken by her neighbor across the street. She further testified that after she kicked appellant out of her house, she observed him walking back and forth in her side yard while looking in her front windows. She testified that she was in the residence when the fire started and could see smoke coming from the walls and ceiling. Appellant did not leave until after the fire started. When asked, Ruth McKim testified that she was positive that it was appellant peeking in her windows and walking around and that it was appellant in the video.

{¶6}    On cross-examination, Ruth McKim agreed that appellant was at her house that night wanting to talk to Savannah because he wanted to try and talk her into going

home to be with her and their children so that they could be a family.   She testified that appellant came into her house and indicated that Savannah was a crystal meth user. Savannah, however, refused to come home to the children. Ruth McKim also testified that appellant asked her for a cigarette and that she gave one to him.  She did not recall appellant asking her for a lighter or matches and did not recall giving him either a lighter or matches. According to her, appellant always had a lighter. She also testified that she did not see appellant start the fire.

{¶7}   Appellant testified that he went to the McKim house that night to try to get Savannah Jeffrey to come home to be with him and their two children. He testified that he knocked on the front door of the house and that Ruth McKim let him into the house. He testified that Savannah went to the McKim household to either try to buy or use drugs with Ruth McKim's older son.   Appellant testified that he knew that was the reason because Savannah would tell him that. Once he left McKim's house, appellant called the police about their drug use.  Appellant testified that after calling the police, he went back to the McKim house and knocked on the door and told Ray McKim that the police would possibly be at the house. Appellant testified that he never went behind the house and that he waited to see if the police or law enforcement were going to arrive.   Appellant then returned to his residence and was arrested there.

{¶8}   There was testimony at trial that appellant was apprehended by Patrolman Ben Harper of the Cambridge Police Department after being identified by Ruth McKim as a possible suspect and was interviewed by Detective Greg Clark of the Cambridge Police Department on December 18, 2019. Appellant confessed to the Detective that he  had committed the offense. The interview was played at trial and entered into evidence as an

exhibit.  During the interview, appellant admitted to starting the fire in a matter consistent with Agent Stellfox's findings.  However, appellant later testified that he did not start a fire anywhere that night in or around or near the McKim house, but told Detective Clark that he had lit a bag of trash on fire because he was nervous and scared. He testified that he felt trapped and did not believe that he had a choice. The following is an excerpt from appellant's testimony at trial:

{¶9}    Q.  So what did you do when you felt like you didn't have a choice?  Did you make a choice between the two theories?

{¶10}  A.  Yes.

{¶11}  Q.  And what did you say?

{¶12}  A.  I went along with Detective Clark's first theory.

{¶13}  Q.  And that first theory was?

{¶14}  A.  Just to lie - - just that I intended not to harm anybody, just to light a bag of trash on fire, and that was - - and that was it.

{¶15}  Q.  Was that the truth?

{¶16}  A.  No.

{¶17}  Q.  Did you start the fire at the McKim home that night?

{¶18}  A.  No, I didn't.

Trial Transcript at 462-463.

{¶19} At the conclusion of the evidence and the end of deliberations, the jury found appellant found appellant guilty of aggravated arson in violation of R.C. 2909.02(A)(1). Pursuant to a Judgment Entry filed on October 28, 2020, appellant was

sentenced to a term of six to nine years in prison and ordered to pay restitution. Appellant was also given notice of his duty to register as an arson offender.

**{¶20}** Appellant now appeals, raising the following assignments of error on appeal:

**{¶21}** "I. THERE WAS INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF AGGRAVATED ARSON."

**{¶22}** "II. APPELLANT'S CONVICTION FOR AGGRAVATED ARSON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

**{¶23}** Appellant, in his two assignments of error, argues that his conviction for aggravated arson is against the manifest weight and sufficiency of the evidence. We disagree.

**{¶24}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio

App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶25}** Appellant was convicted of aggravated arson in violation of R.C. 2909.02(A)(1). Such section states as follows: (A) No person, by means of fire or explosion, shall knowingly do any of the following:(1) Create a substantial risk of serious physical harm to any person other than the offender."

**{¶26}** We find that, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant started the fire and, by doing so,  knowingly caused a substantial risk of serious physical harm to the McKims and Savannah Jeffrey, the occupants of the house at the time the fire was started. Michael Stellfox testified that it was dangerous for people to be in a household that has that type of fire. While appellant argues that no one saw him start the fire, there was overwhelming circumstantial evidence that he started the fire. At trial, Ruth McKim testified that she was in the house when the fire started and the she was certain that appellant was outside the house peeking in the windows. She positively identified appellant from the surveillance video which showed him walking from behind the house seconds before the fire started. Ray McKim testified that appellant, after being thrown out of the house earlier, came back and told him that Ruth was going to regret it. Appellant had been arguing with Savannah Jeffrey.  Michael Stellfox testified that the fire was caused by a human act. Moreover, appellant told Detective Clark that he started the fire in a manner consistent with the findings of Stellfox. While appellant testified that his confession was not the truth and that

he confessed because he was nervous and felt trapped, the jury, as trier of fact, was in the best position to assess his credibility and clearly did not find appellant to be credible. We further find that the jury did not lose its way in convicting appellant of aggravated arson.

{¶27}  Appellant's two assignments of error are, therefore, overruled.

{¶28}  Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Hoffman, J. concur.